5L 707
7L 664
15L 644

NASHVILLE & CHATTANOOGA & ST. LOUIS RAILROAD CO. v. FRANKLIN COUNTY.

1. TAXES. *Power of county to levy same.* Code, sec. 488, which provides that "the rate of taxation for county purposes shall not exceed the rate of State taxation for the time being," prohibits the counties, after making a levy for general county purposes equal to the rate of State taxation, to make additional levy for special purposes, unless specially authorized by law.

2. SAME. *Definition of county purposes. Special taxes.* County purposes are such charges in the way of expenditures as are fixed by law upon the counties, and appertain to the general administration of county affairs. The expense of keeping up bridges being a duty imposed upon the county, is included in the tax for general county purposes, and a special bridge tax is therefore unauthorized. But a special tax may be levied to meet a special burden imposed on the county by the Legislature, or when that body specially authorizes the county courts to levy such tax—as under sec. 39, act of 1873, where an "additional school tax" is allowed, not to be included in the assessment for general county purposes.

Railroad Co. *v.* Franklin County.

3. Same. *School fund.* Counties may levy a tax equal to the State tax for school purposes, although a levy has been made for general county purposes. The Legislature has so authorized.

## FROM FRANKLIN.

Appeal in error from the Circuit Court of Franklin county. J. J. WILLIAMS, J.

ED. H. EAST for Railroad.

JOHN H. FRIZZELL and JESSE ARLEDGE for County.

FREEMAN, J., delivered the opinion of the court.

This is a contest as to the liability for the railroad company for certain assessments for taxes by the county of Franklin for the years 1875, 1876, 1878, 1879.

The railroad company paid for each year at the rate of 50 cents per hundred dollars on value of the road in the county, but, with a special agreement in the face of the receipts, that it should not operate as an estoppel as to the matter now in contest. It then filed its petition to supersede the collection of the surplus claimed, together with interest.

The circuit judge held the road liable for the sum claimed over and above the amount paid, but refused to allow the claim for interest, from which judgment both parties have appealed.

It appears that the levy of taxes in Franklin county, by order of the county court, was as follows:

1875. For county purposes, 30 cents; bridges, 5 cents; schools, 20 cents.

1876. For county purposes, 40 cents; schools, 20 cents.

1878–9. For county purposes, 30 cents; schools, 20 cents.

During all these years there was levied by the State a tax of ten cents on the one hundred dollars for schools, which did not go into the State treasury, but was paid over, when collected in each county, to the county trustee as provided by law.

The State tax for general State purposes was forty cents on the one hundred dollars for 1878, was reduced to ten cents, and has so continued. This, and the ten cents for school purposes, was the limit of the amount of taxes levied and collected directly by the State; other taxes paid were collected as laid by the county courts for what was assumed to be county purposes.

For the years 1875 and 1876, the limitation upon the county court was prescribed by Code, sec. 488, which is: "The rate of taxation for county purposes shall not exceed the rate of State taxation for the time being."

By the act of 1837, carried into the Code, sec. 4163, "The county courts are required, at the first term in every year, to impose and provide for the collection of the tax for county purposes, and fix the rate thereof," etc.

This levy is made in pursuance of the Constitution, art. 2, sec. 29, giving power to counties and

municipal corporations to levy taxes for county and corporation purposes.

It is obvious from this clause of the Constitution that the only taxes the county courts can ever levy are such as may be levied for county purposes. These purposes are to meet such charges in the way of expenditure as by law are fixed upon the counties, and appertain to the general administration of county affairs—police duties, the expenses of courts and the like.

We think it clear, from the section of the Code quoted, that the limit to which the county courts could go under, said section was a rate of taxation on the one hundred dollars that was equal to that imposed by the State, by her laws, for levy of taxes directly imposed by the State; that is, such taxes as were not imposed through the intervention or agency of the county courts.

Whether the taxes went into the State treasury, or were ordered to be paid to the trustee of the county, can make no difference. The school tax, for instance, was a tax imposed directly by the State, and as such was a State tax, as contradistinguished from a county tax, so that where the rate of taxation for general State purposes was forty cents, and this special school tax levied by the State, the limit on the counties would be to tax at a rate equal to both, that is, fifty cents on the one hundred dollars. The fact that this school tax was paid over to the trustee of the county, to be expended in the county where levied,

Railroad Co. v. Franklin County.

can certainly make no difference as to its character as a tax levied by the State.

In this view, the limit on the county court for 1875–6 was fifty cents on the one hundred dollars. All above this was without authority of law; in fact, was forbidden.

The special tax, as it appears for bridges, is not authorized. Keeping up the bridges and the public roads is but an item of county expenditure, one of the designated purposes for which taxes may be laid, because the duty of keeping up these bridges is one imposed by law. But this cannot be made an independent ground of taxation, separate from general county purposes. We may say here, in reference to this question, that taxes for county purposes must of necessity include all the particular items making up county charges of burdens, and the sum of the taxes authorized to be laid is not to go beyond the rate fixed for State taxation, unless otherwise directed by law. It can never be that the counties under this law can first lay a tax for "what may be styled general county purposes," and then proceed to lay another equal or less for the separate items that serve to make up properly the legal charges against the county to be met by taxation.

The principle is, that all taxation by the county courts must be by authority of the Legislature. The charges imposed by law by the Legislature are to be thus met, but the Legislature has chosen to say, during these years now in dispute, that to meet these charges the limit of taxation shall be the sum of the

rate imposed for State taxation; all beyond this is
forbidden to be imposed.

As a matter of course the Legislature may author-
ize a special tax to be imposed for a special burden,
to be paid directly to the particular object, such as
when a county has been authorized to subscribe for
stock in railroads, or has issued bonds in aid of rail-
roads. In such cases these taxes would not be in-
cluded in the general charges of the county, and such
taxes would not be counted in fixing the limit upon
the levy to be made by the county court, unless so
prescribed by the Legislature.

In the years 1878 and 1879, the State tax for
general purposes was fixed at ten cents in the one
hundred dollars, a school tax, by the 38th section of
the act of 1873, being imposed and collected " on all
property subject to taxation for the support of public
schools, which shall be collected as other taxes are
and paid over to the county trustee of the repspec-
tive counties where collected." So that, if there is
no law authorizing more, twenty cents would be the
limit of county taxation for county purposes since that
period.

But by sec. 39 of that act, it is provided—
under head of "additional school tax"—when the
money derived from the school fund and taxes im-
posed by the State on the counties shall not be
sufficient to keep up a public school for five months
in the year, in the school districts in the county, the
county court shall levy an additional tax sufficient for
this purpose, or submit the proposition to a vote of

Railroad Co. v. Franklin County.

the people, and may levy a tax to prolong the schools beyond five months.

This is awkwardly worded, but the meaning is, that the county court is required to levy a tax sufficient to keep up the schools for five months. When the designated funds are insufficient for that purpose, it may levy a tax to prolong the schools beyond the term of five months, by submitting the proposition to do so to a vote of the people of the county. It is then, however, added: "Said tax to be levied on all property, polls and privileges liable to taxation, but not to exceed the *entire* State tax."

It is difficult to say what is meant precise by this clause—whether the whole tax authorized both for the five months, and for prolongation of the schools over that period, shall not exceed the entire State tax, or the first shall not be included, and the last only · limited to the "entire State tax."

After careful consideration, we conclude that the whole tax thus authorized, is to be limited by the entire amount of State tax. Said tax to be levied on all property, polls and privileges liable to taxation, seems to mean the entire tax authorized shall so be levied, and the limit fixed must apply to all that is thus authorized to be levied. The result would be, that for these years, and under this law, the limit on the county courts for school purposes would be the amount of the State tax, which would be twenty cents for school purposes.

This fund so levied, is made a separate fund from the ordinary funds of the county, by the 41st

section, and is to be " kept separate and apart from any State and county funds in the hands of the trustee."

. This tax being specifically authorized by law, being a separate fund from other county funds, and its limit being fixed by the statute upon its own basis, having no connection with the general limitation on counties for ordinary county purposes, is not to be counted in the rate prescribed by other statutes for general county purposes. In other words, the general limit for county purposes must be the rate of State taxation, unless otherwise declared by law. In addition to that, by this statute, the counties may, for school purposes, impose a tax, which tax shall only be limited by the amount or rate of the entire State tax.

It seems evident the Legislature, by the act of 1873, and sections quoted, intended to regulate the levy of the school taxes alone, and fix the limit for such taxes independent of other taxes. The whole act is one to " establish and maintain a uniform system of public schools," and was intended to be independent of all other subjects, and is so its terms. The Legislature had the power to do this, and has done so in terms clear, and not admitting of any other construction except the one we have given. This section of the act of 1873, is taken substantially from the act of 1870—Code, sec. 970—and the amendments made to it by the act of February, 1872. The section of the act 1870, shows the purpose to be as we have construed it in clear terms. It is : " The county court of each county may annually levy, and

cause to be collected in the same way as *county* taxes are levied and collected, upon all property, polls and privileges liable to taxation, a sum of money not to exceed the entire State tax, for the support and maintenance of a system of common scools in their respective counties, to be apportioned among the school districts," etc.

It is clear this tax was authorized to be equal to the State tax, irrespective of other county taxes, and such was the purpose in the act of 1873, though not so clearly expressed.

The result is, that the counties were limited for all other county purposes to the amount of the State tax, and could not separate county purposes into separate items, after a levy for general county purposes. But that the tax for school purposes was specifically authorized as an independent tax, and might also be levied to the amount of the State tax, irrespective of other taxes to meet other county charges. The Legislature, by the act of 1877, ch. 81, have made the precise distinction we have made, when fixing the State tax at ten cents on the hundred dollars for current expenses. It is added, *provided,* that this act shall in nowise interfere with the levying and collection of taxes for school purposes as now provided by law.

This disposes of all the questions raised as to the amount of the taxes levied.

The other question is, as to when interest shall be charged against the railroads. We think the interest commences from the time of the passage of the act requiring the payment of these taxes—that is, March,

1877, or at such times as may have been prescribed by the Legislature. It is true, where there was no assessment of the railroads, it is provided the assessment shall be, and have the same force and effect as if it had been made in 1875. But as the tax was not then required to be paid, and was only so required by the act of 1877, there could be no default in payment, and interest would not attach until the debt was fixed upon the taxpayer, unless expressly so provided by law.

A decree will be drawn in accord with this opinion.